IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAYMOND E. BRADLEY, | § | |
| | § | |
| Defendant Below, | § | No. 310, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 92S05720DI (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 19, 2017
Decided: December 1, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

This 1st day of December 2017, after careful consideration of the opening brief, the motion to affirm, and the record below, we conclude that the July 12, 2017 Superior Court order denying the appellant's fourth motion for postconviction relief and motion for appointment of counsel under Superior Court Criminal Rule 61 should be affirmed. The appellant's restatement of his previous ineffective assistance of counsel claims and contention that his sexual relationship with the murder victim's girlfriend began when he was underage do not constitute "new evidence" creating "a strong inference" that he "is actually innocent in fact of the

acts underlying the charges of which he was convicted."[1] We also note that this is the appellant's fourth postconviction motion. We will not continue to invest scare judicial resources to address untimely claims. We encourage the appellant to be mindful of Superior Court Criminal Rule 61(j).[2]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] Super. Ct. Crim. 61(d)(2)(i) (providing second or subsequent motion for motion postconviction relief is not subject to summary dismissal if the movant satisfies this standard).
[2] Super. Ct. Crim. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").